JOSEPH HEISSEN, complainant,

*v.*

NATHAN BLEZNAK et ux., et al., defendants.

[Decided April 1st, 1930.]

*Mr. M. Joseph Greenblatt,* for the complainant.

*Mr. Adolph Stern,* for the defendants Nathan and Esther Bleznak.

INGERSOLL, V. C.

Heissen, the complainant, is the owner of a tract of land in the village of Norma, upon which there has been erected for many years a dwelling house in which he resides. The land adjoining his to the northward was owned by one Seiden, upon which were several houses, one of which was within less than eight feet of the complainant's house.

In 1921 the heirs of Seiden, having made plans to sell the lands and premises of which their mother had died seized, caused their lands to be surveyed, and at that time it was ascertained that the building above referred to encroached upon the land of the complainant several feet. Negotiations were entered into with the complainant for the purpose of obtaining ·from him a quit-claim deed for the land upon which his house stood. Accordingly, the complainant and his wife executed a quit-claim deed for the tract of land therein described in consideration of which the heirs of Seiden quit-claimed to the complainant certain land to the southward of his premises, which land was one-half of the body of a proposed street which had not been opened.

The heirs of Seiden, at an auction sale, sold the land and premises to one Scribner who thereafter conveyed to the defendant Nathan Bleznak.

After Bleznak had purchased the land, or during his negotiations therefor, the land was surveyed, and it developed that a portion of the complainant's dwelling house encroached upon the land described in the quit-claim deed and, therefore, upon the land purchased by Scribner and purchased from him by Bleznak.

It is manifest that the surveyor or the scrivenor who prepared the quit-claim deed made a mistake and that instead of placing the line between the parties, Seiden and the complainant, at a point between the two houses, as was agreed upon between them, he erroneously placed the southern boundary line improperly.

The bill in this case is filed to reform the quit-claim deed made by Joseph Heissen and wife to Alice Seiden and others. The purpose of this quit-claim deed was manifestly to avoid the difficulty which had arisen by reason of the fact above stated, that a house of Seiden encroached upon Mr. Heissen's land. The entire difficulty arises because of the fact that the boundary between the two lands does not run parallel with the buildings which are erected on each.

I take it that there can be no dispute but that the intention was that a line should be located so that the quit-claim

deed would include the land upon which the Seiden house was erected. That was the purpose, that it would avoid the encroachment upon the Heissen property. Evidently the surveyor or scrivenor made the error in locating that line a certain number of feet to the southward of where it originally was and by so doing caused exactly the same difficulty between the Heissen property as had previously existed on the Seiden property; the line was changed to take in part of the building of Heissen, and Heissen, therefore, quit-claimed a part of the land upon which his house stood.

I would have no difficulty whatever as between Heissen and Seiden if no third party intervened, to advise a decree that the quit-claim deed be reformed and the description be made to run, in effect, as was testified to by Mr. Ackley. There would be no difficulty at all in that. I haven't the slightest doubt but that this quit-claim deed was a mistake and doesn't do that which everybody intended to do and that which everybody, I think, thought they were doing.

The difficulty arises, however, in that Mr. Bleznak has purchased this land in the meantime, the Seiden land. Was he, by anything in connection with this case, put upon notice, such notice as would require him to investigate this matter? He purchased the land by metes and bounds and although he did not understand that he was purchasing the land upon which Heissen's house stood, still, he is entitled to have the land conveyed to him, Heissen having executed the deed which made the title perfect in Bleznak's grantors, provided, however, that Bleznak had no knowledge or notice, either actual or constructive, of the error in this quit-claim deed. I am convinced that no such notice can be imputed to him.

There has been testimony concerning the existence of a fence, existing for a number of years, both at the front and at the rear of these properties. It is not pretended, however, that these fences were actually upon either the original line between the premises or the line agreed upon for the quit-claim deed or the actual line of that deed, and the fact that they existed gives little if any assistance in a determination of this cause.

Heissen and Bleznak's grantors made the mistake. Bleznak had no notice thereof and cannot now be compelled to give up the land purchased by him, and the quit-claim deed cannot be reformed and canceled as prayed for by the complainant.

The ejectment suit, however, must be stayed and the defendant Bleznak will be directed to convey to the complainant that portion of his land upon which the house of the complainant encroaches, upon the payment by him of its full value in the market. *Magnolia Construction Co.* v. *McQuillan, 94 N. J. Eq. 786.*

Unless counsel can agree upon the lines of the land so to be conveyed, I will determine the same without further testimony, and if counsel cannot agree upon the amount to be paid, additional testimony may be taken to prove that value.